UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA       :
                               :
v.                             :      No. 3:06cr120 (SRU)
                               :
RAUL REYES.                    :

                           ORDER TO SHOW CAUSE

Raul Reyes moves pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the return of property — namely, $33,797.22 from two People's United Bank accounts, and another $5,580.00 taken from his person during his arrest (doc. # 741, attach. 1 ¶¶ 4(a), 5(a), & 6(a)) — that he alleges was wrongly seized by the Drug Enforcement Agency ("DEA") following his conviction and sentence. (Doc. # 735.) In addition to claiming that his property was illegally seized, Reyes also alleges that the DEA failed to give him adequate notice that the property was subject to federal forfeiture proceedings.

In response to Reyes's motion, the government has submitted an affidavit and accompanying documents showing the steps it took to notify Reyes of the impending forfeiture. The government's evidence shows that the DEA sent written notice to Reyes's last known home address, the Bridgeport Correctional Center, People's United Bank, and the Willard-Cybulski Correctional Institution, and that the DEA also published notice in the *Wall Street Journal*. (Doc. # 741, attach. 1.) Reyes avers, however, that he was in custody following his arrest and, therefore, was unable to receive any notice sent to his home; he was never jailed at the Bridgeport Correctional Center or the Willard-Cybulski Correctional Institution; People's United Bank did not inform him of the forfeiture until August 2009; and he never had access to the *Wall Street Journal* while in custody. (Doc. # 744.) In sum, Reyes contends that the DEA failed to give him adequate notice, rendering the forfeiture procedurally deficient. That procedural deficiency gives

this court jurisdiction to decide the merits of Reyes's claim.  *Borero v. Drug Enforcement Admin.*, 111 F.3d 301, 305 (2d Cir. 1997); *Onwubiko v. United States*, 969 F.2d 1392, 1398 (2d Cir. 1992).

Reyes has moved for summary judgment that the DEA provided inadequate notice before seizing his property.[1]  (Doc. # 745.)  Within thirty (30) days of this order, the government shall show cause why this court should not grant Reyes's summary judgment motion.  In light of this show cause order, Reyes's application for a subpoena to obtain documents from the government regarding his custody and/or physical location during the time between his arrest and sentencing (doc. # 751) is denied as moot.

Finally, Reyes's motion to re-characterize his Rule 41(g) motion as a civil action (doc. # 743) is granted because Reyes's criminal proceedings have ended and the court therefore treats his 41(g) motion as if it were a civil complaint.  *Onwubiko*, 969 F.2d at 1397.  The clerk shall open a civil file in which all future pleadings concerning Reyes's action for the return of property shall be filed.

---

[1] Reyes does not appear to argue that he is entitled to summary judgment on the merits of his motion for the return of property, i.e., that "[t]he money on deposit at Peoples [sic] United Bank, the U.S. currency and the personal property [were] not contraband, tainted or otherwise used in the criminal offense to which [Reyes] entered a plea of guilty."  (Doc. # 735 ¶ 8.); *see also* 28 U.S.C. § 881(a)(6) (including as subject to forfeiture "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter").  Rather, Reyes's motion is limited to the issue that he did not receive proper notice and, therefore, this court has jurisdiction to review the merits of his claim.  To the extent that Reyes *does* move for summary judgment on the merits of his motion for the return of property, the summary judgment motion is denied because, on the limited record currently before the court, there is a genuine issue of material fact regarding the probable cause supporting the forfeiture of Reyes's money to the United States.  *See Boero*, 111 F.3d at 304 (setting forth burden-shifting test for judicial review of government forfeitures).

It is so ordered.

Dated at Bridgeport this 3rd day of January 2011.

                                                  /s/ Stefan R. Underhill
                                                  Stefan R. Underhill
                                                  United States District Judge